IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 97-40939
Conference Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS BANDA,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-97-CR-50-5
- - - - - - - - - - -
August 19, 1998

Before KING, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Carlos Banda contends that the district court erred in determining that he was responsible for 1489 kilograms of marijuana for sentencing purposes because the information in the presentence report (PSR) was unreliable. Because Banda failed to object to the drug quantity calculation, review is limited to plain error. Fed. R. Crim. P. 52(b); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc); United States v. Olano, 507 U.S. 725, 730-35 (1993).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The police officer who had provided the information contained in the PSR, David Gonzalez, testified at sentencing. As Banda did not rebut this testimony at sentencing and in fact admitted it, the district court was free to adopt the PSR findings based on this testimony without further inquiry or explanation. United States v. Mir, 919 F.2d 940, 943 (5th Cir. 1990). On appeal, Banda has still not shown that this information is materially untrue and has not shown that he is entitled to appellate relief on this issue.

Banda argues that his counsel was ineffective at sentencing because he failed to request application of the "safety-valve" provisions of the sentencing guidelines and failed to object to the amount of marijuana attributed to Banda. Generally, this court declines to review Sixth Amendment claims of ineffective assistance of counsel on direct appeal; however, we have "undertaken to resolve claims of inadequate representation on direct appeal ... in rare cases where the record allowed [the court] to evaluate fairly the merits of the claim." United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987). This is such a case.

First, Banda was sentenced based on the guidelines' range not the statutory minimum and the safety-valve provisions are not applicable and counsel did not err in failing to invoke them. See United States v. Edwards, 65 F.3d 430, 433 (5th Cir. 1995).

Second, as shown above, Banda has not established any basis for a challenge to the material truth of the information contained in the PSR and has not shown that counsel could have lodged a legitimate objection to it. Accordingly, he has not shown that counsel's performance was deficient in any manner. Strickland v. Washington, 466 U.S. 668, 687 (1984).

AFFIRMED.